UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

STATE OF IOWA, et al.,
*Plaintiffs-Appellees*,

v.

COUNCIL ON ENVIRONMENTAL QUALITY, et al.,
*Defendants*,

and

ALASKA COMMUNITY ACTION ON TOXICS, et al.,
*Intervenor Defendants-Appellants / Intervenors*,

and

STATE OF WASHINGTON, et al.,
*Intervenors / Intervenor Defendants-Appellants*.

Appeal from the U.S. District Court for the District of North Dakota
No. 1:24-cv-00089-DMT-CRH (Hon. Daniel M. Traynor)

**FEDERAL DEFENDANTS' MOTION TO BE
DESIGNATED APPELLEES**

Federal Defendants are currently listed as "Defendants" in the captions of these consolidated appeals. Federal Defendants respectfully request that the Court amend the captions to designate Federal Defendants as "Defendants-Appellees." Plaintiffs-Appellees State of Iowa, et al. (State Plaintiffs) consent to the motion, Intervenor Defendants-Appellants Alaska Community Action

on Toxics, et al. (ACAT) take no position on the motion, and Intervenor Defendants-Appellants State of Washington, et al. (State Defendants) reserve their position on the motion.

1.      This case concerns State Plaintiffs' challenge to the Council on Environmental Quality's (CEQ) final 2024 Rule, 89 Fed. Reg. 35442 (May 1, 2024), a set of implementing regulations for the National Environmental Policy Act (NEPA).  On February 3, 2025, the district court held that the 2024 Rule was invalid and vacated the 2024 Rule.

2.      On February 25, 2025, CEQ issued an interim final rule removing its regulations implementing NEPA from the Code of Federal Regulations in 40 C.F.R. parts 1500-1508.  *Removal of National Environmental Policy Act Implementing Regulations*, 90 Fed. Reg. 10610 (Feb. 25, 2025).  That "action removes all iterations of [CEQ's] NEPA implementing regulations," and went into effect April 11, 2025.  *Id.* at 10611.

3.      ACAT appealed the district court's judgment on March 31, 2025, and State Defendants appealed the district court's judgment on April 10, 2025. This Court consolidated the appeals.  Federal Defendants did not appeal from the judgment, and are currently listed as "Defendants" in the captions of these consolidated appeals.

4. Federal Defendants have an interest in ACAT's and State Defendants' appeals because Federal Defendants are parties to this case. ACAT and State Defendants are appealing from the district court's judgment, which vacates a rule promulgated by Federal Defendants. Federal Defendants should accordingly be designated as appellees, just as this Court has designated defendants as appellees in other appeals brought by intervenor defendants. *See, e.g.*, *Ctr. for Biological Diversity v. Strommen*, 114 F.4th 939 (8th Cir. 2024); *St. Louis Fire Fighters Ass'n Int'l Ass'n of Fire Fighters Loc. 73 v. City of St. Louis, Mo.*, 96 F.3d 323 (8th Cir. 1996); *S. Glazer's Wine & Spirits, LLC v. Harrington*, No. 22-1936, 2022 WL 16639334 (8th Cir. May 5, 2022); *cf.* S. Ct. R. 12.6 ("All parties other than the petitioner are considered respondents . . . .").

5. On April 11, 2025, ACAT informed State Plaintiffs and Federal Defendants that, in light of CEQ withdrawing its implementing NEPA regulations, ACAT was planning to move to dismiss its appeal as moot and to vacate the district court's decision pursuant to *United States v. Munsingwear*, 340 U.S. 36 (1950). State Defendants indicated that they were planning to do the same in their appeal. Because Federal Defendants might have a different position than ACAT and State Defendants on vacatur under *Munsingwear*, and seek to respond to ACAT's and State Defendants' forthcoming motions,

Federal Defendants should be designated as appellees in these consolidated appeals.

6. The clerk's office has advised undersigned counsel that Federal Defendants must file a motion to participate in these consolidated appeals as appellees. Federal Defendants respectfully request that the Court grant this motion and designate Federal Defendants as appellees.

## CONCLUSION

For the foregoing reasons, the Court should designate Federal Defendants as appellees in these consolidated appeals.

Respectfully submitted,

s/ *Benjamin W. Richmond*
ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

ROBERT J. LUNDMAN
BENJAMIN W. RICHMOND
*Attorneys*
Environment & Natural Resources Div.
U.S. Department of Justice
408 Atlantic Avenue, Suite 236
Boston, MA 02110
(202) 598-1112
benjamin.richmond@usdoj.gov

*Counsel for Federal Defendants*

April 22, 2025
90-1-4-17633

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d) because, excluding the parts of the document exempted by Rule 32(f), the document contains 536 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

s/ *Benjamin W. Richmond*
Benjamin W. Richmond

*Counsel for Federal Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

s/ *Benjamin W. Richmond*
Benjamin W. Richmond

*Counsel for Federal Defendants*